UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH OUSLEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:13-CV-00898-SPM |
| RESCARE HOMECARE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant ResCare Homecare's Motion to Dismiss Plaintiff's claims as untimely (Doc. 16). The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Rule 636(c)(1). (Doc. 21). For the reasons stated below, the Court will grant Defendant's motion.

## FACTUAL AND PROCEDURAL BACKROUND

Plaintiff Deborah Ousley ("Plaintiff"), an African-American female over the age of 40, was terminated from her position with Defendant ResCare Homecare ("Defendant") in January of 2012. On June 7, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and on August 14, 2012, she filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") (Doc. 1, ¶¶ 6, 7).

On January 23, 2013, the EEOC sent Plaintiff a letter entitled "Dismissal and Notice of Rights" (the "EEOC Notice"). The EEOC Notice stated, in part:

1

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

> **TITLE VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

(Doc. 1-1, at p. 2).

On February 27, 2013, the Missouri Commission on Human Rights ("MCHR") sent Plaintiff a letter (the "MCHR Notice"). The MCHR Notice stated, in part:

> This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act. . . .
>
> You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. . . . **IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE, YOUR RIGHT TO SUE IS LOST.** . . . This notice of right to sue has no effect on the suit-filing period of any federal claims.

(Doc. 1-1, at p.1).

On May 10, 2013, Plaintiff, acting *pro se*, brought this employment discrimination action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*[1] After Plaintiff filed her complaint, this Court ordered her to show cause as to why her Complaint should not be dismissed as time-barred because it was filed more than

---

[1] Because Plaintiff attached to her Complaint a right to sue letter from the Missouri Commission on Human Rights, I ordered Plaintiff to inform the Court whether she was asserting claims under the Missouri Human Rights Act in addition to her claims under federal law. (Doc. 27). Plaintiff did not respond, so I assume that her claims are brought solely under federal law.

90 days after she received a notice of her right to sue from the EEOC. (Doc. 5). On May 28, 2013, Plaintiff filed a letter asking the Court to permit her case to continue, stating that the EEOC investigation had been inadequate, that her husband's medical condition had distracted her during the relevant time frame, and that poor communications with the EEOC had led her to believe that she had longer to file suit than she actually did. (Doc. 6). Specifically, she stated that she "was told to wait for the right to sue letter [the MHRC Notice] after [she] had received the 'dismissal and notice of rights' letter [the EEOC Notice]"; that she "was le[d] to believe to wait for the letter titled 'notice of right to sue' [the MHRC Notice]' which was the second letter received"; and that she "felt 90 days began from the date of this letter." (Doc. 6). Based on Plaintiff's response, the Court determined that the case should go forward and that the question of whether equitable tolling applies should be briefed by the parties. (Doc. 7).

On August 7, 2013, Defendant filed a motion to dismiss the case based on Plaintiff's failure to file the lawsuit within 90 days of her receipt of the EEOC Notice. (Doc. 16). Plaintiff did not respond to the motion, nor did she attend the Rule 16 conference that was held on September 30, 2013 (Doc. 24). On October 16, 2013, the Court ordered Plaintiff to file a response to Defendant's motion no later than October 30, 2013 (Doc. 27); she did not do so. Thus, the Court will rule on Defendant's motion based on the pleadings of record currently before the Court.

## **LEGAL STANDARD**

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

A written instrument attached to a complaint is considered a part of the complaint and may be considered in ruling on a motion to dismiss. Fed. R. Civ. P. 10(c); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

## **DISCUSSION**

A lawsuit brought under Title VII or the ADEA must be brought within 90 days after the plaintiff receives a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Williams v. Thomson Corp.*, 383 F.3d 789, 790 (8th Cir. 2004); *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 665 (8th Cir. 1995). The 90-day period begins to run on the day the right to sue letter is received. *Hill v. John Chezak Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Absent evidence to the contrary, it is presumed that the EEOC's letter was received three days after its mailing. *Rich v. Bob Downes Chrysler Plymouth, Inc.*, 831 F. Supp. 733, 735 (E.D. Mo. 1993).

Here, the EEOC mailed its right to sue letter to Plaintiff on January 23, 2013. Plaintiff makes no attempt to dispute the date she received this letter, and therefore she is presumed to have received it on January 26, 2013. Thus, Plaintiff was required to file her federal claims against Defendant no later than Friday, April 26, 2013. However, she did not file suit until May 10, 2013.

The Eighth Circuit has held that the 90-day limitation period "is not a jurisdictional prerequisite and is, therefore, subject to equitable tolling in appropriate circumstances." *Hill*, 869 F.2d at 1124. "Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." *Id.* "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

The Supreme Court has suggested several circumstances in which equitable tolling may be appropriate: where a claimant has received inadequate notice from the EEOC; where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; where the court has led the plaintiff to believe she had done everything required of her; or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. *See Baldwin*, 466 U.S. at 151. The Eighth Circuit has also applied equitable tolling where an administrative agency has made a mistake of law and/or has provided a plaintiff with misleading information that led the plaintiff into reasonably believing that her actions would suffice to protect her rights. *See*, *e.g.*, *Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 451-52 (8th Cir. 1998) (applying equitable tolling where the EEOC was operating under a mistaken understanding of the law and conveyed that misunderstanding to the plaintiff, misleading the plaintiff "into reasonably believing" that her charge would be timely filed); *Anderson v. Unisys Corp.*, 47 F.3d 302, 307 (8th Cir. 1995) (applying equitable tolling where a state agency sent the plaintiff a letter that "would easily mislead a claimant unassisted by counsel" into missing a filing deadline). However, general allegations that a Plaintiff was misled or confused do not justify equitable tolling. *See Shempert v. Harwich Chem. Corp.*, 151 F.3d

793, 798 (8th Cir. 1998) (finding equitable tolling did not apply where a plaintiff claimed that an EEOC letter had misled her but the language of the EEOC's letter notified Plaintiff of the applicable time limits; stating, "equitable tolling is allowed only if the language was misleading"); *Chastain v. United Parcel Service*, No. 1:08CV47RWS, 2010 WL 546723, at *6 (E.D. Mo. Feb. 9, 2010) (equitable tolling was not warranted where the EEOC's letter was clear and the information plaintiff claimed to have received from the EEOC was not "sufficiently misleading to cause a reasonable person to believe that the ninety-day period began to run from the issuance of the MHRC right to sue letter"); *Luckett v. Herbster-Hellweg Painting*, No. 4:08CV00187 FRB, 2008 WL 2620894, at *2 (E.D. Mo. June 27, 2008) (equitable tolling was not warranted where a *pro se* plaintiff asserted that he was misinformed by an attorney about the filing deadline; stating, "[t]he mere fact that plaintiff received contrary information elsewhere does not excuse his failure to abide by the deadline clearly specified in the EEOC's letter").

On its face, Plaintiff's complaint is devoid of any facts that would trigger the application of equitable tolling. The EEOC letter attached to Plaintiff's complaint clearly informed Plaintiff of the time she had to bring her federal claims, and Plaintiff has made no allegation that she ever received any contrary information. The EEOC Notice stated, "**TITLE VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act. . .** Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." (Doc. 1-2). The EEOC Notice further stated, "The time limit for filing suit based on a claim under state law may be different." (*Id.*) The letter Plaintiff received from MHRC, which is also attached to Plaintiff's complaint, clearly indicated that it was a notice of her right to sue "pursuant to the Missouri Human Rights Act" and that it "has no effect on the suit-filing period of any federal claims." (Doc. 1-1).

Even when the facts asserted in Plaintiff's response to the Court's show cause order are considered, her pleadings before this Court do not warrant equitable tolling. Plaintiff's assertions that she was "told to wait for the [MHRC Notice] after [she] had received [the EEOC Notice]" and she "felt 90 days began from the date of [the MHRC notice]" are insufficient to plausibly suggest that she was misled into reasonably believing that she did not need to file her federal claims within 90 days of the EEOC Notice. There is nothing in Plaintiff's filings with this Court to suggest that anyone from the EEOC told her she needed to wait for the MHRC Notice before filing her federal claims. Moreover, even if Plaintiff mistakenly believed that she had to wait to receive the MHRC Notice before filing her federal claims, because Plaintiff received the MHRC Notice on or about February 27, 2013, that belief would not have prevented her from filing that lawsuit prior to the April 26, 2013 deadline set out in the EEOC Notice.

In addition, Plaintiff's assertion in response to the show cause order that she was distracted by her husband's medical condition and her need to care for him is not the sort of extraordinary circumstance that warrants equitable tolling. *Cf. Luckett*, 2008 WL 2620894, at *2 (rejecting the plaintiff's assertion that the loss of someone close to the plaintiff warranted equitable tolling). Her claim that the EEOC did not adequately address her claims also does not warrant equitable tolling; it is unclear how an inadequate EEOC investigation would have affected in any way her ability to file federal claims once the EEOC investigation had ended. *See Lehman v. UnitedHealth Group*, Civ. No. 10-2532, 2010 WL 5099651, at *2 (D. Minn. Dec. 8, 2010) (equitable tolling was not warranted where the plaintiff asserted the EEOC had not properly investigated her claims and that letters from the EEOC and the Minnesota Department of Human Rights had created confusion).

In sum, neither Plaintiff's complaint nor her response to the show cause order contain allegations that can reasonably be construed as an allegation that the notice she received from the EEOC was inadequate; that any affirmative misconduct on the part of the defendant lulled the plaintiff into inaction; or that the EEOC provided plaintiff with misleading information that led the plaintiff into reasonably believing that her actions would suffice to protect her rights. Rather, the pleadings before the Court show that the EEOC here provided Plaintiff with clear notice of the deadline for filing her claims under Title VII and the ADEA. Plaintiff has not shown that anyone from the EEOC (or anywhere else) provided her with information that would reasonably have led her to believe that the time limit in that notice did not apply. Thus, despite Plaintiff's apparently erroneous belief about the applicable time limits, equitable tolling does not apply. *See Shempert*, 151 F.3d at 798; *Chastain*, 2010 WL 546723, at *6 (no equitable tolling where plaintiff erroneously believed that he had ninety days from the date of the MHRC notice to file federal claims; emphasizing that the plaintiff had "received a letter from the EEOC that stated in bold lettering that any lawsuit under federal law must be filed within ninety days of the receipt of 'this notice'" and that the plaintiff had failed to establish that the EEOC had given him advice that was "sufficiently misleading to cause a reasonable person to believe that the ninety-day period began to run from the issuance of the MHRC right to sue letter"); *Luckett*, 2008 WL 2620894 at *2.

## CONCLUSION

Because Plaintiff's complaint was filed more than 90 days after she received notice of her right to sue from the EEOC and because equitable tolling is not warranted, this action is time-barred and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED**, with prejudice.

Dated this 8th day of November, 2013.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE